IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ABDULLAH MCLAUGHLIN | : | No. 17-cr-121-2 |

## MEMORANDUM

PRATTER, J.                                                    FEBRUARY 17, 2021

Abdullah McLaughlin asks the Court to vacate his sentence under 28 U.S.C. § 2255. The Government opposes the petition as a meritless challenge to the sentence. For the reasons that follow, the Court directs the parties to expand the record relating to Mr. McLaughlin's ineffectiveness claim and stays resolution of his challenge to his sentence under 18 U.S.C. § 924(c).

### BACKGROUND

Mr. McLaughlin was charged in a three-count superseding indictment with conspiracy to commit robbery which interferes with interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), attempted Hobbs Act robbery, also in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to the conspiracy and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). The charges arose out of a planned attempt with three others to rob a neighbor's apartment for drugs and money in September 2016.

Mr. McLaughlin and his co-conspirators accosted their victims outside the apartment. They first pistol-whipped one before forcing both victims at gunpoint into the victims' apartment. All members of the conspiracy were armed. Their activity outside was recorded on surveillance video. Once inside the apartment, the conspirators used cable wire to tie up their victims before searching the apartment. The co-conspirators did not find the stash of drugs or money they

1

intended to steal, although they took one of the victim's wallets. They fled the apartment after they were tipped off that police were called to the scene. Mr. McLaughlin was later arrested and pled guilty to all counts in the indictment.

Under the Federal Sentencing Guidelines, Mr. McLaughlin faced a possible range of 147-to-162 months' imprisonment. Mr. McLaughlin and the Government agreed to a total sentence of 87 months, representing the mandatory minimum of 84 months for the § 924(c) offense and three months for the remaining offenses. In light of the Rule 11 plea agreement, the Court imposed a sentence of 87 months, a significant downward departure from the guidelines' range, to be followed by five years of supervised release.

Mr. McLaughlin filed a § 2255 petition. Doc. No. 207. He then filed an amendment to the petition using the correct form, Doc. No. 213, and an additional motion supposedly to "streamline this proceeding," Doc. No. 226. He raises two challenges in his petition. First, he contends that trial counsel was ineffective in failing to file an appeal despite Mr. McLaughlin's request that he do so. Second, he challenges the sentence imposed for conspiracy to commit Hobbs Act robbery. He contends that the offense no longer qualifies as a "crime of violence" for purposes of § 924(c) following the Supreme Court's decision in *United States v. Davis*. 139 S. Ct. 2319 (2019).

The Government filed a response in opposition to the petition. It did not respond to the motion to amend.

**LEGAL STANDARDS**

**I.     Motions to Amend Habeas Petitions**

The Federal Rules of Civil Procedure apply to motions to amend petitions for habeas corpus. *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999). When the Government has filed a responsive pleading prior to the motion to amend, the amendment as a matter of course is

2

not allowed.  Instead, the movant may amend "only by leave of court [which] leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

Absent evidence of "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.      § 2255 Petitions

Section 2255 allows a prisoner in custody to attack his sentence if it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  So, a petitioner may only prevail on a § 2255 claim by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962).

Mr. McLaughlin filed his § 2255 petition and supporting documentation *pro se*.   For practical purposes, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## DISCUSSION

## I.      Mr. McLaughlin's Motion to Amend His § 2255 Petition

Mr. McLaughlin did not file an appeal.  His conviction became final 14 days after entry of judgment. Fed. R. App. P. 4(b)(1).  Judgment was entered against Mr. McLaughlin on May 9, 2019.   The one-year limitations period to file a § 2255 petition expired on May 23, 2020.

3

Mr. McLaughlin's initial *pro se* petition is timely because it was filed in February 2020. Doc. No. 207. Although the initial petition was filed within the one-year statute of limitations, the motion to amend, filed in August 2020, is outside the limitations period. *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000).

Even still, the Court has the authority to "permit an amendment which clarifies or amplifies a claim or theory in a timely filed § 2255 petition after the AEDPA's one-year period of limitations has expired." *Id.* at 438. A subsequent or amended pleading relates back to the original when they share a common core of operative facts. *Johnson v. United States*, No. CV 16-416 (RBK), 2018 WL 2045990, at *2 (D.N.J. May 2, 2018). In his initial petition, Mr. McLaughlin advanced two claims. First, he argued that his counsel was ineffective because counsel did not file a notice of appeal. Second, he moved to amend or vacate his sentence on the ground that Hobbs Act robbery was not a "crime of violence." The motion to amend seeks to clarify these two arguments.

As to his ineffectiveness claim, Mr. McLaughlin seeks to rely on a Supreme Court decision issued five days after he filed his petition, holding that an attorney's performance may be deficient when counsel fails to file a notice of appeal despite his client's clear requests to do so. *Garza v. Idaho*, 139 S. Ct 738 (2019). Mr. McLaughlin also adds that he instructed counsel on the date of his sentencing to file a notice of appeal after the hearing. The first argument plainly relates back to Mr. McLaughlin's original motion. The amendment and the petition share a common core of operative facts, namely that counsel failed to file a notice of appeal despite Mr. McLaughlin's request and that consequently he forfeited his right to a proceeding.

Regarding his due process challenge, the amendment is simply a clarification of the grounds of his conviction. It does not present any novel claim. Mr. McLaughlin notes that his petition erroneously stated he was convicted of Hobbs Act robbery. The amendment correctly

4

identifies that he was convicted of conspiracy to commit Hobbs Act robbery. Mr. McLaughlin was also convicted of attempted Hobbs Act robbery, although he does not discuss this ground.

Because both proposed amendments relate back to Mr. McLaughlin's original claims, the Court grants his motion to amend and will rule on his § 2255 petition as incorporating the amendment.

## II.    Ineffective Assistance of Counsel

Mr. McLaughlin first asserts that his trial counsel was ineffective when he failed to file a notice of appeal. Doc. No. 207 at 2. In his amendment, he contends that, not only did he contact trial counsel repeatedly, he and counsel discussed filing a notice the day of his sentencing. Doc. No. 226 at 3. He represents that trial counsel agreed that he would file an appeal "immediately upon conclusion of the sentencing hearing." No timely notices of appeal were filed on his behalf.

The issue here is not whether Mr. McLaughlin's waiver of his right to appeal was valid because he does not challenge its validity. The sole question presented is whether Mr. McLaughlin directed his counsel to file a notice of appeal.

Ineffective assistance of counsel requires showing that counsel's representation "fell below an objective standard of reasonableness" and that the deficient performance prejudiced the client. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Shedrick*, 493 F.3d 292, 301 (3d Cir. 2007). It is well-established that a "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because filing a notice of appeal

5

is a "purely ministerial task," the failure to file such a motion "reflects inattention to the defendant's wishes." *Id.*

The Supreme Court recently confirmed that a lawyer's failure to file a notice of appeal when directed to do so is *per se* ineffective. *Garza v. Idaho*, 139 S. Ct. 738, 749-50 (2019). This is the case even when the appellate waiver is deemed enforceable. The "broadest appellate waiver does not alleviate attorneys of their duty to file a notice of appeal if the client so requests." *United States v. Lawbaugh*, No. 1:16-CR-049, 2020 WL 954017, at *7 (M.D. Pa. Feb. 27, 2020), *aff'd*, No. 20-1554, 2021 WL 194829 (3d Cir. Jan. 20, 2021); *United States v. Fuentes*, No. CR 17-320-7, 2020 WL 4226473, at *8 (E.D. Pa. July 23, 2020).

Mr. McLaughlin has alleged a prima facie case of ineffectiveness that may warrant an evidentiary hearing. *Fuentes*, 2020 WL 4226473, at *8. He asserts that he spoke with counsel the morning of his sentencing, requested that counsel file a notice of appeal, and that counsel agreed to do so. But counsel never did file that appeal. Moreover, Mr. McLaughlin asserts that he repeatedly tried to contact counsel but that those efforts were unavailing. Prejudice is thus presumed here, regardless of whether the appeal would ultimately be successful. *Garza*, 139 S. Ct. at 724-44, 749-50. Although the Government initially argued that the claim fails because Mr. McLaughlin did not state he directed his attorney to file an appeal, it did not respond to his motion to amend, including the import of *Garza* here.[1]

At this time, the Court is not yet prepared to schedule an evidentiary hearing on the ineffectiveness claim. A district court is required to hold an evidentiary hearing on a motion to vacate a sentence filed pursuant to § 2255 unless the motions, files and records of the case show

---

[1]     Moreover, the Government parses the *pro se* petitions words perhaps too finely. The initial petition states that Mr. McLaughlin "tried to no avail to call and email counsel to file such motion and notice of appeal for [his] direct appeal." Doc. No. 213 at 8. Mr. McLaughlin thus represents that he made some attempt to direct his counsel, a claim that he bolsters with additional facts in his motion for leave to amend.

6

conclusively that the movant is not entitled to relief.  28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

Before the Court determines that such a hearing is warranted, Mr. McLaughlin's counsel at sentencing is directed to submit a declaration that addresses whether and, if so, when Mr. McLaughlin directed him to file an appeal.  *See* Rules Governing § 2255 Cases in the United States District Courts, Rule 7(a).  Mr. McLaughlin may submit copies of the emails or texts sent to his counsel directing him to file an appeal referenced in his petition, to the extent such communications exist.

### III.    Sentencing Under § 924(c)

As a second ground for relief, Mr. McLaughlin asserts that his sentence should be reduced as a result of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  He argues that the counts for conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are not "crimes of violence" under 18 U.S.C. § 924(c)(1).

Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence."  *Davis* invalidated the "residual clause" of § 924(c) as unconstitutionally vague.  139 S. Ct. at 2336.  This leaves only the "elements" clause as a viable basis for a § 924(c) charge.  Under the elements clause, a "crime of violence" is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

Whether attempt to commit Hobbs Act robbery, to which Mr. McLaughlin has pled, qualifies as a "crime of violence" under § 924(c) is presently pending before the Third Circuit

Court of Appeals. *United States v. Walker*, 15-4062 (3d Cir. Oct. 5, 2019).[2] The issue has been fully briefed to the appellate court and a decision is likely forthcoming. Moreover, a standing order in this District stays all motions filed under § 2255 seeking collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the Armed Career Criminal Act as unconstitutionally vague). Courts within this District have interpreted the standing order to likewise stay petitions seeking collateral relief based on *Davis*. *See, e.g.*, *United States v. Williams*, No. CR 10-427, 2020 WL 4001045, at *3 (E.D. Pa. July 14, 2020).

Pending resolution of this issue by the Third Circuit Court of Appeals, the Court will stay the portion of Mr. McLaughlin's petition challenging his sentence under § 924(c).

CONCLUSION

For the reasons discussed above, the Court grants Mr. McLaughlin's motion for permission to amend his petition, directs the parties to submit appropriate supplemental declarations and evidence regarding his ineffectiveness claim, and stays his challenge to his sentence under § 924(c).

An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] It is immaterial that Mr. McLaughlin's petition only challenges his sentence for conspiracy to commit Hobbs Act robbery. The Court imposed the 84-month mandatory minimum sentence for the § 924(c) charge based on the attempted Hobbs Act robbery.